TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 97-203 |
| of | : | |
| | : | June 16, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE KEITH OLBERG, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

When a city election is consolidated with a statewide general election, on what date is a newly elected city council member to be installed in office?

CONCLUSION

When a city election is consolidated with a statewide general election, a newly elected city council member is to be installed in office on the first Tuesday after a certified statement of the results of the election is submitted by the county elections official to the city council.

ANALYSIS

The Legislature has enacted a comprehensive statutory scheme (Elec. Code, §§ 10100-10266) **Footnote No. 1** setting forth procedures to be followed in conducting city elections. With regard to the installation of newly elected city officers, section 10262 provides:

"The governing body of the city shall meet at their usual place of meeting on the first Tuesday after the election to canvass the returns and to install the newly elected officers. The body shall declare elected the person having the highest number of votes given for each office. Upon the completion of the canvass and before installing the new officers, the body shall pass a resolution reciting the fact of the election and such other matters as are enumerated in section 10264."

Section 10264 in turn provides:

"As soon as the result of the election is declared, the elections official of the governing body shall enter on its records a statement of the result. The statement shall show:

"(a) The whole number of votes cast in the city.

"(b) The names of the persons voted for.

"(c) The measures voted upon.

"(d) For what office each person was voted for.

"(e) The number of votes given at each precinct to each person and for and against each measure.

"(f) The number of votes given in the city to each person and for and against each measure."

An earlier counting of the votes is authorized under the terms of section 10263:

"The governing body may, by resolution duly adopted prior to the date of election, order the canvass to be made by the elections official prior to the first Tuesday after the election. Section 15302 and 15303 shall govern the conduct of the canvass. Upon completion of the canvass, the elections official shall certify the results to the governing body who shall on the first Tuesday after the election comply with the other provisions of Section 10262." **Footnote No. 2**

The question presented for resolution concerns the date upon which a newly elected city council member is to be installed in office when the election is consolidated with a statewide general election. While section 10262 directs that the installation is to occur "on the first Tuesday after the election" for city elections in general, does a consolidated election require a different result? We conclude that it does.

Section 1301 authorizes a city council to consolidate its municipal election with a statewide general election:

"(a) . . . except as provided in subdivision (b), a general municipal election shall be held on the second Tuesday in April of even-numbered years, or on the first Tuesday after the first Monday in March of odd-numbered years.

"(b) (1) Notwithstanding subdivision (a), a city council may enact an ordinance . . . requiring its general municipal election to be held on the same day as the statewide direct primary election, the day of the statewide general election, or on the day of school district elections . . . . Any ordinance adopted pursuant to this subdivision shall become operative upon approval by the board of supervisors.

"(2) *In the event of consolidation, the general municipal election shall be conducted in accordance with all applicable procedural requirements of this code pertaining to that primary, general, or school district election,* and shall thereafter occur in consolidation with that election.

"(c) If a city adopts an ordinance described in subdivision (b), the municipal election following the adoption of the ordinance and each municipal election thereafter shall be conducted on the date specified by the city council, in accordance with subdivision (b), unless the ordinance in question is later repealed by the city council.

"(d) If the date of a general municipal election is changed pursuant to subdivision (b), at least one election shall be held before the ordinance, as approved by the board of supervisors, may be subsequently repealed or amended." (Italics added.)

Section 10403.5 states:

> "(a) (1) Any city ordinance requiring its general municipal election to be held on a day specified in subdivision (b) of Section 1301 shall be approved by the board of supervisors unless the ballot style, voting equipment, or computer capability is such that additional elections or materials cannot be handled. . . .

> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

> "(c) *If an election is held on a day specified in subdivision (b) of Section 1301, and the election is consolidated with another election this part . . . shall govern the consolidation* and, if the county elections official is requested to conduct the municipal election, Section 10002 shall be applicable to that election.

> "(d) *If a general municipal election is held on the same day as a statewide election, those city officers whose terms of office would have, prior to the adoption of the ordinance, expired on the Tuesday succeeding the second Tuesday in April of an even-numbered year shall, instead, continue in their offices until not later than the fourth Tuesday after the day of the general municipal election,* and until their successors are elected and qualified.

> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
> (Italics added.)**Footnote No. 3**

Similarly, section 10418 provides:

> "Whenever an election is to be held on the same day as a statewide election . . . the election may be consolidated with the statewide election. *If consolidated, the consolidated election shall be held and conducted,* election officers appointed, voting precincts designated, candidates nominated, ballots printed, polls opened and closed, *ballots counted and returned, returns canvassed, results declared, certificates of election issued, and all other proceedings incidental to and connected with the election shall be regulated and done in accordance with the provisions of law regulating the statewide or regularly scheduled election.*

> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
> (Italics added.)

As specified in section 10418, as well as in section 1301 and section 10403.5, a city election consolidated with a statewide general election is to be conducted "in accordance with the provisions of law regulating the statewide or regularly scheduled election." Among those provisions of law are sections 15300-15311 dealing with the canvassing of election results. The official canvass is to commence "not later than the first Thursday following each election" (§ 15301) and continue daily except for Saturdays, Sundays, and holidays (§ 15306). Section 15308 provides: "The elections official shall prepare a certified statement of the results of the election and submit it to the governing body within 28 days of the election . . . ."

In analyzing these various statutes, we apply well-settled principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826. A statute "must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which, upon application, will result in wise policy rather than mischief or absurdity." (*San Diego Union* v. *City Council* (1983) 146 Cal.App.3d 947, 954.) "`The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to

the extent possible.'" (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d. 245, 268.)

We believe that the statutory schemes governing the installation of newly elected city officers and the procedures to be followed in consolidated elections may be harmonized to effectuate the Legislature's intent. In the usual situation of a city election, the installation is to occur "on the first Tuesday after the election." (§ 10262.) This may also be the case when a city election is consolidated with a statewide general election. However, in the latter situation, special rules apply (§§ 1301, 10403.5, 10418) that allow the county elections official to submit the election results to the city council "within 28 days of the election" (§ 15308). **Footnote No. 4** Since the city council may not install newly elected officers until the election results have been certified, the first Tuesday after submission of the results constitutes the appropriate date for the installation. Such date harmonizes sections 1301, 10262, 10403.5, 10418, and 15308. The Legislature has evidenced its intent to delay the installation of city officers elected at a consolidated election until the election results are certified; subdivision (d) of section 10403.5 provides:

"If a general municipal election is held on the same day as a statewide election, those city officers whose terms of office would have . . . expired on the Tuesday succeeding the [election] shall, instead, continue in their offices until not later than the fourth Tuesday after the day of the general municipal election . . . ."

Accordingly, depending upon when the county elections official certifies the results of the election, city officers elected at a consolidated election may be installed on the first, second, third, or fourth Tuesday after the election.

We conclude that when a city election is consolidated with a statewide general election, a newly elected city council member is to be installed in office on the first Tuesday after a certified statement of the results of the election is submitted by the county elections official to the city council.

\* \* \* \* \*

---

**Footnote No. 1**
All undesignated section references herein are to the Elections Code.
**Footnote No. 2**
Sections 15302 and 15303 require that the votes be counted at a place open to the public.
**Footnote No. 3**
Section 10002 authorizes the county elections official to perform various services for a city in a consolidated election.
**Footnote No. 4**
Because the Legislature has directed that city elections consolidated with statewide general elections are to be governed by the procedural statutes applicable to the latter elections (§§ 1301, 10403.5, 10418), section 10263 would be inapplicable in authorizing city councils to "order the canvass to be made by the elections official prior to the first Tuesday after the election" with respect to such city elections.